# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**OSHANE N. MALCOLM,**

    **Plaintiff,**

vs.                                      Case No. 4:17cv301-RH/CAS

**L. CARTER, et al.,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Service was previously directed, ECF No. 25, on the four persons named as Defendants[1] in the pro se Plaintiff's fourth amended complaint, ECF No. 20. Defendants Hewitt, Langston, and Chisolm filed a motion to dismiss, ECF No. 30, and Plaintiff was required to file a response to that motion. Plaintiff has filed a response, ECF No. 34, and the motion is ready for review.

---

[1] In addition to the four persons named as Defendants, Plaintiff listed two additional John Doe Defendants. ECF No. 20 at 2.

**Standard of Review**

The issue on whether a complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failing to state a claim upon which relief can be granted is whether the plaintiff has alleged enough plausible facts to support the claim stated.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (retiring the standard from Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949, 173 L.Ed. 2d 868 (2009) (quoting Twombly, 550 U.S. at 570, 127 S. Ct. 1955).[2]  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 677 (citing Twombly, 550 U.S. at 556); see also Speaker v. U.S. Dep't of Health, 623 F.3d 1371, 1380 (11th

---

[2] The complaint's allegations must be accepted as true when ruling on a motion to dismiss, Oladeinde v. City of Birmingham, 963 F.2d 1481, 1485 (11th Cir. 1992), cert. denied, 113 S. Ct. 1586 (1993), and dismissal is not permissible because of "a judge's disbelief of a complaint's factual allegations." Twombly, 127 S.Ct. at 1965, (quoting Neitzke v. Williams, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989)).

Case No. 4:17cv301-RH/CAS

Cir. 2010). "The plausibility standard" is not the same as a "probability requirement," and "asks for more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 677 (quoting Twombly, 550 U.S. at 556). A complaint that "pleads facts that are 'merely consistent with' a defendant's liability," falls "short of the line between possibility and plausibility." Iqbal, 129 556 U.S. at 677 (quoting Twombly, 550 U.S. at 557).

The pleading standard is not heightened, but flexible, in line with Rule 8's command to simply give fair notice to the defendant of the plaintiff's claim and the grounds upon which it rests. Swierkiewicz v. Sorema, 534 U.S. 506, 122 S. Ct. 992, 998, 152 L. Ed. 2d 1 (2002) ("Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions."). Pro se complaints are held to less stringent standards than those drafted by an attorney. Wright v. Newsome, 795 F.2d 964, 967 (11th Cir. 1986) (citing Haines v. Kerner, 404 U.S. 519, 520-521, 92 S. Ct. 594, 596, 30 L. Ed. 2d 652 (1972)). Nevertheless, a complaint must provide sufficient notice of the claim and the grounds upon which it rests so that a "largely groundless claim" does not proceed through discovery and "take up the time of a number of other people . . . ." Dura Pharmaceuticals, Inc.

v. Broudo, 544 U.S. 336, 125 S. Ct. 1627, 161 L. Ed. 2d 577 (2005) (quoted in Twombly, 550 U.S. at 558). The requirements of Rule 8 do "not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Iqbal, 556 U.S. at 678-79, 129 S. Ct. at 1949. A complaint does not need detailed factual allegations to survive a motion to dismiss, but Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." 556 U.S. at 678, 129 S. Ct. at 1949. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. (quoting Twombly, 550 U.S. at 555). Thus, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." Davila v. Delta Air Lines, Inc., 326 F.3d 1183, 1185 (11th Cir. 2003).

One additional principle bears highlighting: a motion to dismiss does not test the truth of a complaint's factual allegations. As noted above, factual allegations, though not legal conclusions, must be "accepted as true," Ashcroft, 556 U.S. at 678, 129 S. Ct. at 1949, even when they are "doubtful in fact." Twombly, 550 U.S. at 555, 127 S. Ct. at 1965. "Instead, it remains true, after Twombly and Iqbal as before, that 'federal courts and litigants must rely on summary judgment and control of discovery to weed

out unmeritorious claims sooner rather than later.'" Leatherman v. Tarrant Cty. Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 168-69 (1993) (quoted in Yawn v. Sec'y of Dep't of Corr., No. 5:13cv228-RH/EMT, 2017 WL 2691423, at *1 (N.D. Fla. June 21, 2017)).

**Motion to Dismiss, ECF No. 30**

Defendants Hewitt, Chisolm, and Langston assert that they are entitled to Eleventh Amendment immunity to the extent they have been sued in their official capacities. ECF No. 30 at 3. Additionally, Defendants Chisolm and Langston argue that they should be dismissed because, as members of a Disciplinary Team, they did not have the authority to put Plaintiff in protective management. *Id.* at 4-5.

**Plaintiff's Complaint, ECF No. 20**

In general, Plaintiff alleged that after he was attacked by members of a gang, he requested protective management from Defendant Carter because he did not feel safe. ECF No. 20 at 4. After Defendant Carter told Plaintiff she would look into the matter, Plaintiff alleges she did nothing. *Id.*

Plaintiff was held in administrative confinement in May 2016, and was threatened by a member of the gang who was housed in the cell next to Plaintiff. *Id.* at 5. Plaintiff attended his disciplinary hearing on June 2,

2016, and told[3] hearing officers (Defendants) Chisolm and Langston of the threats, requesting not to be placed back in general population.  *Id.*  Plaintiff alleges the Defendants told him they would investigate the matter, but failed to do so.  *Id.*  Plaintiff complains that they "did not act on the Plaintiff's saftey [sic] concerns, this is something they were authorized to do."  *Id.*  Plaintiff alleged that Defendants Chisholm and Langston "should have called the O.I.C. (Officer in Charge) and explained that the Plaintiff stated he was in fear for his life, and to place Plaintiff in Administrative Confinement pending a protective management review . . . ."  *Id.* at 6.  He complains that the Defendants did not follow protocol and a protective management review was never initiated.  *Id.*  Plaintiff also alleged that Defendants Chisholm and Langston "also had independent authority to initiate a protective management review themselves."  *Id.* at 6-7.  However, Defendants ignored Plaintiff's requests for protection and recommended that after his disciplinary sentenced was served, "Plaintiff was to be released back into general population."  *Id.*

---

[3] Plaintiff also submitted a written witness statement which advised that the "gang members were trying to extort Plaintiff or have him killed." *Id.* at 5.

After Plaintiff was released to general population, he was assaulted in two separate incidents in early July 2016.  *Id.* at 7.  Plaintiff alleged that he complained to Defendant Hewitt who "just stood there" as Plaintiff was hit by a gang member.  *Id.*  Defendant Hewitt told Plaintiff "to 'man up.'"  *Id.*

**Analysis**

"A prison official violates the Eighth Amendment when a substantial risk of serious harm, of which the official is subjectively aware, exists and the official does not respond reasonably to the risk."  <u>Caldwell v. Warden, FCI Talladega</u>, 748 F.3d 1090, 1099 (11th Cir. 2014) (quoted in <u>Brooks v. Warden</u>, 800 F.3d 1295, 1300 (11th Cir. 2015)).  "To prevail on such a claim brought under § 1983, the plaintiff must show: (1) a substantial risk of serious harm; (2) the defendants' deliberate indifference to that risk; and (3) a causal connection between the defendants' conduct and the Eighth Amendment violation."  <u>Brooks</u>, 800 F.3d at 1300.

Plaintiff specifically alleged that Defendants were informed of his fear for his safety from a specific and identifiable group of inmates, but did nothing to protect him.  Plaintiff alleged that Defendants "disregarded the substantial risk to the Plaintiff's health and safety . . . .  ECF No. 20 at 8.  The Court concludes that Plaintiff sufficiently alleged that Defendants were

deliberately indifferent to his right to be protected.  *Id.*  Thus, the complaint states a plausible Eighth Amendment claim against the named Defendants.

Notably, Defendants do not contest that Plaintiff's complaint states a valid claim.  ECF No. 30.  Instead, Defendants Chisolm and Langston seek dismissal of the claims against them solely on the basis that a disciplinary team "is not authorized to place Plaintiff in Protective Management . . . ." *Id.* at 5.  Defendants explain that it is the function of the Institutional Classification Team ("ICT") to *recommend* placement in protective management.  *Id.* at 5-6.  Thereafter, the ultimate decision about such placement is made by the State Classification Office.  *Id.* at 6.

Defendants' argument should be rejected.  An argument that it was "not my job" to provide protection for Plaintiff does not square with the constitutional obligation of correctional officers to "take reasonable measures to guarantee the safety of the inmates."  Hudson v. Palmer, 468 U.S. 517, 526-527, 104 S. Ct. 3194, 3200, 82 L. Ed. 2d 393 (1984) (quoted in Farmer v. Brennan, 511 U.S. 825, 832, 114 S. Ct. 1970, 1976, 128 L. Ed. 2d 811 (1994)).  That obligation has been clearly established for more than thirty years.

As noted by Plaintiff in his response to the motion to dismiss, *see* ECF No. 34 at 3-4, the Rodriguez decision demonstrates that a defendant prison official cannot escape liability if he or she "was in a position to take steps that could have" given a prisoner protection, but failed to do so through deliberate indifference. The Eleventh Circuit found in Rodriguez v. Sec'y for Dep't of Corr., 508 F.3d 611 (11th Cir. 2007), that even though a classification team is "empowered to make final decisions" about placing an inmate in protective custody, other prison officials still have the ability to recommend to the classification team that the prisoner "be held in protective custody while the threats on his life were investigated . . . ." Rodriguez, 508 F.3d at 615-16. Correctional officers can, and should, use an "established protocol for handling an inmate's life-threatening security concerns" which would "initiate a protective management review aimed at eliminating the risk of harm." Rodriguez, 508 F.3d at 623.

There are, unquestionably, policies in place for prison officials to report "potential threats up the chain of command." Marbury v. Warden, No. 17-12589, 2019 WL 4062675, at *6 (11th Cir. Aug. 29, 2019). Such policies provide a way to ensure an inmate's safety even if an official's

assigned duty does not include directing an inmate's placement in protective custody.

Here, Plaintiff alleged that Defendants "could have recommended" that he be "held in Protective Management while the threats on his life were investigated." ECF No. 20 at 6. He said they had "independent authority to initiate a protective management review themselves." Id. at 6-7. To the extent the Defendants dispute that allegation, a motion to dismiss does not test the truth of a complaint's factual allegations. The complaint sufficiently states a plausible claim and the motion to dismiss should be denied as to this argument.

As relief should he ultimately be successful in this case, Plaintiff sought an injunction and monetary damages from the Defendants who are sued in both their individual and official capacities. ECF No. 20 at 11. Defendants have raised Eleventh Amendment immunity from such a request for damages. ECF No. 30 at 3-4.

It is well established that the Eleventh Amendment bars a damages action against a State in federal court absent a waiver by the State or congressional override. Kentucky v. Graham, 473 U.S. 159, 169, 105 S. Ct. 3099, 3107, 87 L. Ed. 2d 114 (1985); *see also* Carr v. City of Florence,

Case No. 4:17cv301-RH/CAS

Ala., 916 F.2d 1521, 1524 (11th Cir. 1990); Gamble v. Florida Dep't of Health and Rehab. Servs., 779 F.2d 1509 (11th Cir. 1986).  That "bar remains in effect when State officials are sued for damages in their official capacity."  Kentucky, 473 U.S. at 169, 105 S. Ct. at 3107.  The motion to dismiss the official capacity claims should be granted as Defendants are entitled to Eleventh Amendment immunity.[4]

**Recommendation**

In light of the foregoing, it is respectfully **RECOMMENDED** that the motion to dismiss, ECF No. 30, be **DENIED** in part and **GRANTED** in part.  The claims brought against the Defendants in their official capacities should be **DISMISSED,** but the motion should otherwise be **DENIED**.  It is also **RECOMMENDED** that this case be **REMANDED** for further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on September 25, 2019.

 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

---

[4] Plaintiff's complaint does not provide factual allegations which reveal he is still facing an ongoing danger, nor is Plaintiff still housed at the institution where the underlying events took place.  Thus, prospective injunctive relief is not applicable.

Case No. 4:17cv301-RH/CAS

## **NOTICE TO THE PARTIES**

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**